1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CALVIN MORRIS WRIGHT,

11            Plaintiff,                    No. 2:96-cv-1416 GEB DAD P

12        vs.

13   GREG POTNIC, et al.,

14            Defendants.          FINDINGS AND RECOMMENDATIONS

15   _____/

16            This action is one of several actions filed in this court challenging the quality of

17   water at Deuel Vocational Institution (DVI).  By order filed August 11, 1997, this action was

18   stayed and administratively closed pending resolution of related claims in another action.  By

19   order filed October 23, 2012, plaintiff was granted fourteen days in which to file either a request

20   for voluntary dismissal of this action or a motion to lift the stay.  Order filed October 23, 2012

21   (Doc. No. 13), at 2.  In that same order, plaintiff was advised that failure to respond to the order

22   would result in a recommendation that this action be dismissed with prejudice pursuant to Fed.

23   R. Civ. P. 41(b).  The fourteen day  period has now expired and plaintiff has not responded to the

24   /////

25   /////

26   /////

1

1    court's order in any way.[1]

2          "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

3    an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258,

4    1260 (9th Cir. 1992).  "In determining whether to dismiss a case for failure to comply with a

5    court order the district court must weigh five factors including:  '(1) the public's interest in

6    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

7    prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;

8    and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting

9    Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46

10   F.3d 52, 53 (9th Cir. 1995).

11         In determining to recommend that this action be dismissed, the court has

12   considered the five factors set forth in Ferdik.  Here, as in Ferdik, the first two factors strongly

13   support dismissal of this action.  The action was filed over eighteen years ago.  Plaintiff's failure

14   to comply with the Local Rules and the court's October 23, 2012, order suggests that he has

15   abandoned this action and that further time spent by the court thereon will consume scarce

16   judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

17         The fifth factor also favors dismissal.  The court has advised plaintiff of the

18   consequences of failing to respond to this order, and plaintiff has not responded in any way.  The

19   court finds no suitable alternative to dismissal of this action.

20         The third factor, prejudice to defendants from plaintiff's failure to respond to the

21   court's order, also favors dismissal.  Plaintiff's failure to respond to the order does not put

22   defendants at any disadvantage in this action.  See Ferdik, 963 F.2d at 1262.  Indeed, defendants

23

24         [1]  Although it appears from the file that plaintiff's copy of the October 23, 2012 order was
     returned to the court as undeliverable, plaintiff was properly served at his address of record.  It is
25   the plaintiff's responsibility to keep the court apprised of his current address at all times.  L.R.
     182(f).  Pursuant to Local Rule 182(f), service of documents at the record address of the party is
26   fully effective.

1  would only be "disadvantaged" by a decision by the court to continue an action plaintiff has

2  abandoned.  The fourth factor, public policy favoring disposition of cases on their merits, does

3  not mitigate against dismissal of this action.  The court reached the merits of the claims presented

4  by plaintiff in this action  concerning water quality at Deuel Vocational Institution (DVI) in the

5  lead case to which this case was related.  See Yellen v. Olivarez, No. 2:94-cv-1298 GEB DAD P

6  (Doc. Nos. 297 and 302).

7          Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that

8  this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

9          These findings and recommendations are submitted to the United States District

10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11  days after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within fourteen days after service of the objections.  The

15  parties are advised that failure to file objections within the specified time may waive the right to

16  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  DATED: November 14, 2012.

18

19                                                    _____

20                                                    DALE A. DROZD
                                                      UNITED STATES MAGISTRATE JUDGE

21  DAD:12
    wrig96cv1416.46
22

23

24

25

26